# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. EP-08-M-2562-MC** |
| | ) | |
| **FRANCISCO TORRES** | ) | |

# DEFENDANT FRANCISCO TORRES' OPPOSITION TO IMPOSITION OF MANDATORY CONDITIONS OF PRETRIAL RELEASE PURSUANT TO ADAM WALSH AMENDMENTS TO THE BAIL REFORM ACT OF 1984 AND MOTION TO AMEND THE CONDITIONS OF PRETRIAL RELEASE

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.    Statutory Authority and History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.    The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release
        In All Cases Violate the Excessive Bail Clause of the Eighth Amendment . . . . . 8

        1.    There is no identifiable government interest addressed by the Adam Walsh
             Amendments to the Bail Reform Act of 1984 . . . . . . . . . . . . . . . . . . . . . . 9

        2.    Even if this Court were to discern a government interest underlying these
             Amendments, the Government's response -- mandating conditions of
             release in every case -- is excessive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release
        In All Cases Violate Mr. Torres' Procedural Due Process Rights Per the Fifth
        Amendment to the Untied States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        1.    A person accused of an offense has a fundamental liberty interest in being
             free from unwarranted, excessive conditions of pretrial release . . . . . . . 14

        2.    Before a defendant can be deprived of this liberty interest, the Due Process
             Clause requires more than just a judicial determination as to release or
             detention of a defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    D.    The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release
        In All Cases Violate the Separation of Powers Doctrine . . . . . . . . . . . . . . . . . . 18

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## **TABLE OF AUTHORITIES**

### **U.S. Constitution**

U.S. Const. amend V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

U.S. Const. amend. VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

### **Federal Cases**

*Commodity Futures Trading Commission v. Schor,* 478 U.S. 833 (1986) . . . . . . . . . . . . . . . 19

*Goldberg v. Kelly*, 397 U.S. 254 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Michael H. v. Gerald D.*, 491 U.S. 110 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mistretta v. United States*, 488 U.S. 361 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Myers v. United States*, 272 U.S. 52 (1926). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Reno v. Koray*, 515 U.S. 50 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*Stack v. Boyle*, 342 U.S. 1 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 19

*United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . passim

*United States v. Gardner*, 523 F.Supp.2d 1025 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Klein*, 80 U.S. 128 (1871) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . passim

*United States v. Scott*, 450 F.3d 863 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*United States v. Vujnovich*, 2008 WL 687203 (D. Kan. 2008) . . . . . . . . . . . . . . . . . . .. . . . . . . 7

*United States v. Vujnovich*, 2007 WL 4125901 (D. Kan 2007) . . . . . . . . . . . . . . . . . . .. . . . . . . 7

**Federal Statutes**

Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 ......................passim

Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq*. ............................................................passim

## I.    INTRODUCTION

On May 8, 2008, defendant Francisco Torres (hereinafter "Mr. Torres"), appeared before the Court for an initial appearance. On May 12, 2008, the Court issued a Release Order requiring an appearance and compliance bond in the amount of $10,000.00 to be secured by Mr. Torres' assets and signature.  Among other restrictions, the Release Order imposes mandatory electronic monitoring and curfew conditions.

To the extent the Court imposed these mandatory conditions of pretrial release per the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq*., as amended by the Adam Walsh Child Protection and Safety Act of 2006, H.R. 4472, Pub. L. No. 109-248 (hereinafter "Adam Walsh Amendments"), Mr. Torres contends that the Adam Walsh Amendments violate the Eighth Amendment's Excessive Bail Clause, the Procedural Due Process Clause of the Fifth Amendment and the Separation of Powers doctrine.  Accordingly, Mr. Torres respectfully moves the Court to amend its Release Order to exclude the mandatory conditions of electronic monitoring and curfew.

## II.    BACKGROUND

On May 7, 2008, the Government filed a criminal complaint against Mr. Torres alleging he knowingly failed to register or update registration in violation of the Sex Offender Registration and Notification Act (hereinafter "SORNA"), 18 U.S.C. 2250(a).

However, absent from the complaint and accompanying affidavit, are any allegations or charges that Mr. Torres (1) committed and/or was charged with committing any other criminal activity, (2) had contact with any minors, (3) changed and/or failed to reside at his listed residence, (4) changed his name, (5) had health changes, (6) changed education status, and/or (7)

failed to report to the Texas Department of Public Safety.  In short, the complaint provides little

to no indication that Mr. Torres actually violated any discernible law, let alone demonstrate that

he poses a flight risk and/or danger to the community.

On May 8, 2008, defendant Francisco Torres (hereinafter "Mr. Torres"), appeared before

the Court for an initial appearance.  On May 12, 2008, the Court issued a Release Order requiring

an appearance and compliance bond in the amount of $10,000.00 to be secured by Mr. Torres'

assets and signature.

Among other restrictions, the Release Order mandates the following:

> Immediately after Defendant's release, Pretrial Services shall place
> Defendant on electronic monitoring and Defendant shall comply
> with all conditions of electronic monitoring including, but not
> limited to, the following:
>
> (a)  Defendant shall wear an electronic monitoring device and shall
> follow all electronic monitoring procedures established by the
> Pretrial Services Office;
>
> (b)  . . . Defendant shall not leave his residence earlier than _5:00_
> _a.m._ each day and shall return to his residence each day no later
> than _midnight_.  The Pretrial Services Office shall have authority to
> modify this curfew for employment purposes only.

On May 13, 2008, Mr. Torres, on pretrial release and in compliance with all conditions,

appeared before the Court for the preliminary hearing.  The Court found probable cause.

To the extent the Court imposed the aforementioned conditions of pretrial release

believing it was required to impose these conditions pursuant to the Adam Walsh Amendments,

Mr. Torres  respectfully submits that the requirement of mandatory conditions of supervised

release per the Adam Walsh Amendments is unconstitutional and, in turn, requests that the Court

6

amend the terms of pretrial release to exclude the electronic monitoring and curfew conditions.

## III.    ARGUMENT

The Adam Walsh Amendments requiring the Court to impose certain conditions of

pretrial release in all cases violate the United States Constitution. Specifically, the Adam Walsh

Amendments violate Mr. Torres rights under the Excessive Bail Clause of the Eighth

Amendment, the Procedural Due Process Clause of the Fifth Amendment and the Separation of

Powers doctrine. *See United States v.* Salerno, 481 U.S. 739 (1987); *see also United State v.*

*Crowell*, 2006 WL 3541763 (W.D.N.Y. Dec. 7, 2006); *United States v. Vujnovich*, 2008 WL

687203 (D. Kan. March 11, 2008); *United States v. Vujnovich*, 2007 WL 4125901 (D. Kan Nov.

10, 2007); *but see United States v. Gardner*, 523 F.Supp.2d 1025 (N.D. Cal. Nov. 28, 2007).

### A.    Statutory Authority and History

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of

2006, which amended, *inter alia*, 18 U.S.C. § 3142(c)(1)(B) to read as follows:

> **(c) Release on conditions. – (1)** If the judicial officer determines
> that the release described in Section (b) of this section will not
> reasonably assure the appearance of the person as required or will
> endanger the safety of any other person or the community, such
> judicial officer shall order the pretrial release of the person--
>
> \* \* \* \*
>
> **(B)** subject to the least restrictive further conditions, or a
> combination of conditions, that such judicial officer determines
> will reasonably assure the appearance of the person as required and
> the safety of any other person and the community, which may
> include the condition that the person--
>
> > [be subjected to any condition or combination of
> > conditions listed in 3142(c)(1)(B) (I) through (xiv)].

7

> In any case that involves a minor victim under Section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order ***shall*** contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at paragraphs (iv), (v), (vi), (vii), and (viii).

18 U.S.C. § 3142(c)(1)(B) (2006)(as amended by the Adam Walsh Act, H.R. 4472, Title II § 216)(emphasis added).  These mandatory condition are as follows:

> (iv) abide by specified restrictions on personal associations, place of abode, or travel;
> (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
> (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> (vii) comply with a specified curfew;
> (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon . . . .

18 U.S.C. § 3142(c)(1)(B)(iv) - (viii).

**B.    The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release In All Cases Violate the Excessive Bail Clause of the Eighth Amendment.**

The Eighth Amendment to the United States Constitution dictates that "excessive bail not be required."  U.S. CONST. amend. VIII.  Moreover, the Clause mandates bail to be set on an individual basis by the courts and not by Congress: "[T]he fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant."  *Stack v. Boyle*, 342 U.S. 1, 4 (1951)(holding monetary bail set uniformly in a multi-defendant case without individualized consideration violated the Excessive Bail Clause).  When considering a challenge under the Excessive Bail Clause, the Supreme Court has instructed that:

> The only substantive limitation of the Bail Clause is that the
> Government's proposed conditions of release or detention not be
> "excessive" in light of the perceived evil. Of course, to determine
> whether the Government's response is excessive, we must compare
> that response against the interest the Government seeks to protect
> by means of that response.

*United States v. Salerno*, 481 U.S. 739, 754 (1987). Thus, the questions to be weighed by this

Court are (1) what government interest is the amendment meant to address, and (2) is the

government's response excessive.

      **1.**      **There is no identifiable government interest
addressed by the Adam Walsh Amendments to
the Bail Reform Act of 1984**

Although Congress offered reasons for enacting other provisions of the Adam Walsh Act,

Congress did not offer any reason whatsoever for the amendments to the Bail Reform Act in

particular. In enacting Title II, section 216 of the Adam Walsh Act, the section that amended the

bail statute, Congress made no findings identifying its rationale for the amendments. *See* Adam

Walsh Act, H.R. 4472, Title II § 216.

Nor does anything in the Congressional record offer a basis for the addition of these

mandatory conditions. *See* Children's Safety and Violent Crime Reduction Act of 2006, 152

Cong. Rec. S 8012-02 (July 20, 2006), 2006 WL 2034118. Not one of the Senators who spoke

on behalf of the Act in total, mentioned these amendments.

The complete lack of Congressional findings in support of these amendments stands in

stark contrast to the Congressional findings made when the Bail Reform Act of 1984, itself, was

enacted. In 1984, Congress specifically identified the perceived problem and explained how the

legislation would address its concern. "[It is] the committee's determination that federal bail law

must address the alarming problem of crimes committed by persons on release and must give courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released."  S.Rep., No. 98-225, 98th Cong., 1st Sess. 26 (1983), *reprinted in* 1984 U.S.Cong. & Admin. News 3182, 3187-88.  The Supreme Court relied on these Congressional findings in concluding that the Bail Reform Act was constitutional. *Salerno*, 481 U.S. at 750.

Accordingly, there is no identifiable government interest justifying the Congressional mandate to impose these conditions of release.  Since there is no government interest underlying the imposition of these restrictions, any restriction imposed under the Act is excessive.

> **2.      Even if this Court were to discern a government interest underlying these Amendments, the Government's response -- mandating conditions of release in every case -- is excessive**

Even if this Court concludes, as the courts in *Crowell* and *Gardner* did, that the Adam Walsh Amendments "further advance the public's valid interest in protecting children from sexual abuse and exploitation through the production or possession of [ ] pornography. . . " *Crowell* 2006 WL 3541736 * 7, *see generally Gardner*, the requirements of the Adam Walsh Amendments are an excessive response.  First, it is unclear how conditions like a travel restriction, limits on associations and confinement to one's home, electronic monitoring, actually address this concern, especially where, as here, the offense charged relates to failing to register or update.  There is no rational relationship between these conditions and the suggested concern.

As the court in *Crowell* correctly found:

> [T]he imposition of such conditions on all defendants charged with
> certain crimes, regardless of the personal characteristics of each

10

> defendant and circumstances of the offense, without any
> consideration of factors demonstrating that those same legitimate
> objectives cannot be achieved with less onerous release conditions,
> will subject a defendant, for whom such conditions are, in the
> court's judgment, unnecessary, to excessive bail in violation of the
> Eighth Amendment.

*Id*. at * 7.

To the extent the Government argues that Congress can dictate the conditions of release for certain offenses without individualized consideration, *Salerno* holds otherwise. In *Salerno*, the Supreme Court addressed the constitutionality of the Bail Reform Act of 1984[1] under the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. In interpreting the Bail Reform Act, the Supreme Court concluded it did not violate the Excessive Bail Clause of the Eighth Amendment because the governmental response to a "perceived evil" was not excessive. *Id*. at 754. Through the Congressional record, the Court identified the goal of this legislation as addressing Congress' finding that offenders arrested on extremely serious charges ". . . are more likely to be responsible for dangerous acts in the community after arrest." *Id.* at 750 *citing* S.Rep. No. 98-225, at 6-7. The Court found that the government's response to this concern was not excessive in violation of the Eighth Amendment because the Bail Reform Act allowed the court to balance these competing interests on an individualized basis:

---

[1] The Bail Reform Act of 1984 authorized the detention of individuals charged with certain serious offenses, not just based on risk of flight, but also based upon potential danger to the community. The now-familiar provisions of that Act allow the government to move to detain an individual charged with certain offenses and the court to order that person's detention after an adversary hearing. The Act also expanded the power of the court to impose greater conditions of release when bail is set.

> The Act authorizes the detention prior to trial of arrestees charged
> with serious felonies who are found after an adversary hearing to
> pose a threat to the safety of individuals or to the community which
> no conditions of release can dispel.  The numerous procedural
> safeguards detailed above must attend this adversary hearing.  We
> are unwilling to say that this Congressional determination, based as
> it is upon that primary concern of every government - a concern for
> the safety and, indeed, the lives of its citizens - on its face violates
> either the Due Process Clause of the Fifth Amendment or the
> Excessive Bail Clause of the Eighth Amendment.

*Id.* at 755.

In drafting the Bail Reform Act of 1984, Congress complied with the dictates of the

Eighth Amendment.  Congress expressly recognized that "excessive bail not be required" by

including a crucial parsimony clause directing that the accused, when released, be "subject to the

least restrictive further conditions, or combination of conditions, that such judicial officer

determines will reasonably assure the appearance of the person as required and the safety of any

other person and the community . . . ."  18 U.S.C. § 3142(c)(1)(B).  This clause is still a part of

the bail statute, as amended, and stands in complete contrast to the newly enacted mandatory

provisions.

Fatally absent from the Adam Walsh amendments to the Bail Reform Act of 1984 are the

"numerous procedural safeguards" outlined in *Salerno*.  Thus, conditioning Mr. Torres' release

on the mandatory conditions per the Adam Walsh Amendments would subject Mr. Torres  to

excessive bail.  Accordingly, the mandatory conditions of release sought to be imposed by the

terms of the Adam Walsh Amendments violate the Eighth Amendment's prohibition against

excessive bail."  *Crowell*, 2000 WL 3541736 *6.

C.     **The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release In All Cases Violate Mr. Torres' Procedural Due Process Rights Per the Fifth Amendment to the Untied States Constitution.**

The Due Process Clause of the Fifth Amendment provides that the government shall not deprive a person of "life, liberty, or property without due process of law." U.S. CONST. amend. V. The concept of due process has both substantive and procedural requirements. The procedural component instructs that, regardless of the interest involved, "the fundamental requisite of due process of law is the opportunity to be heard." *See Goldberg v. Kelly*, 254 U.S. 254, 263 (1970) (internal quotations and citations omitted). The mandatory pretrial release conditions required by the Adam Walsh Amendments violate procedural due process by stripping the Bail Reform Act of the procedural safeguards that the Supreme Court determined were required by the Constitution. *See Salerno*, 481 U.S. at 751-52. Specifically, the Adam Walsh Amendments ignore the procedural requirement for an independent judicial determination as to whether such additional conditions are necessary to ensure an accused defendant's appearance at trial and the safety of the community. *Id.; Crowell*, 2006 WL 3541736,*9-*10. The Adam Walsh Amendments therefore violate Mr. Torres' right to procedural due process under the Fifth Amendment.

For example, the Second Circuit has recently found that an *ex parte*, *in camera* submission by the government during a post-trial bail hearing violated the defendant's Fifth Amendment right to procedural due process. In so doing, the Circuit noted:

> The Supreme Court [in *Mathews v. Eldridge*, 424 U.S. 319 (1976)] explained that procedural due process is a flexible standard that can vary in different circumstances depending on "'the private interest that will be affected by the official action'" as compared to "the Government's asserted interest, 'including the function

13

> involved' and the burdens the Government would face in providing
> greater process." . . . A court must carefully balance these
> competing concerns, analyzing "'the risk of an erroneous
> deprivation' of the private interest if the process were reduced and
> the 'probable value, if any, of additional or substitute safeguards.'"

*United States v. Abuhamra*, 389 F.3d 309, 318 (2d Cir. 2004)(*quoting  Hamdi v. Rumsfeld*, __

U.S. __, 124 S.Ct. 2633, 2646 (2004)(quoting *Mathews v. Eldridge*, 424 U.S. at 335)).

> **1.      A person accused of an offense has a fundamental
> liberty interest in being free from unwarranted,
> excessive conditions of pretrial release**.

"It is an established part of our constitutional jurisprudence that the term 'liberty' in the

Due Process Clause extends beyond freedom from physical restraint . . . [T]he interest

denominated as a 'liberty' [must not only] be 'fundamental' but also . . . an interest traditionally

protected by our society."  *Michael H. v. Gerald D.*, 491 U.S. 110, 121-22 (1989) (internal

quotations and citations omitted).  The question of release or detention under the Bail Reform

Act clearly implicates a fundamental liberty interest, as do Congressionally mandated conditions

of release which grossly restrict the freedom of a person accused, but not convicted, of a crime

within the community. *See Reno v. Koray,* 515 U.S. 50, 56 (1995)("the Bail Reform Act of 1984,

18 U.S.C. § 3141 *et. seq*., is the body of law that authorizes federal courts to place presentence

restraints on a defendant's liberty . . .).  From this country's inception, its citizenry has ranked as

fundamental the right to be free from unwarranted conditions of release, as evidenced in the

Excessive Bail Clause of the Eighth Amendment.  U.S. CONST. amend. VIII.

In fact, this fundamental liberty interest was engrafted into the Bail Reform Act in the

parsimony provision of the Act itself.  18 U.S.C. § 3142(c)(1)(B)(a defendant who is to be

released is to be "subject to the least restrictive condition, or combination of conditions . . . ").

The mandatory conditions outlined in the Adam Walsh Act -- which include confinement to

one's home for a period of time each day, monitored electronically -- implicate a liberty interest.

Accordingly, before such conditions may be imposed, the accused must be afforded due process.

> **2.    Before a defendant can be deprived of this liberty interest, the Due Process Clause requires more than just a judicial determination as to release or detention of a defendant**.

The Bail Reform Act of 1984 survived both a substantive and procedural challenge under

the Due Process Clause of the Fifth Amendment.  In upholding the constitutionality of the

detention provisions of the Bail Reform Act, the Supreme Court squarely rested its conclusion on

the numerous procedural safeguards contained therein:

> Nor is the [Bail Reform] Act by any means a scattershot attempt to incapacitate those who are merely suspected of these serious crimes.  The government must first of all demonstrate probable cause to believe that the charged crime has been committed by the arrestee, but that is not enough.  In a full-blown adversary hearing, the government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any persons.

*Salerno*, 481 U.S. at 750.

The mere fact that a person is charged with a crime is not enough; the Constitution

requires more.  The process required includes: (1) the right to a hearing before a judicial officer;

(2) where the defendant is represented by counsel; (3) with the right to testify on his or her own

behalf, proffer information and cross-examine witnesses called by the government.  *Id.* at 751-52.

Far from mandated, the outcome of a detention hearing is determined by the neutral judicial

officer after careful consideration of the delineated statutory factors.  *Id.*; *and see also Hamdi v.

Rumsfeld,* 542 U.S. 507, 533 (2004)(a U.S. citizen captured on the battlefield and detained as an

enemy combatant is entitled to "notice of the factual basis of his classification, and a fair opportunity to rebut the government's factual assertions before a neutral decision maker").

Although the Bail Reform Act permits defendants charged with certain serious felonies to be detained pending trial, the law does not mandate that the defendant be detained in every case, but instead creates a rebuttable presumption for detention, thereby placing the burden on the defendant to demonstrate that detention is unnecessary. The Supreme Court determined that it was because of these procedural safeguards that the Bail Reform Act was constitutional. *Salerno*, 481 U.S. at 750-52. By contrast, the Adam Walsh Amendments create an irrebuttable presumption stripping all required procedural safeguards, which simply does not pass constitutional muster.

Nor does the fact that the Adam Walsh amendments impact conditions of pretrial release, as opposed to detention, alleviate the constitutional requisite of due process. *See Koray,* 515 U.S. at 56. For example, the Ninth Circuit recently explained that a requirement under Nevada law, that a defendant charged with certain offenses consent to the search of his or her home and to drug testing before he or she will be released, without a hearing before a neutral decisionmaker, violates the Fourth Amendment. *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006). In *Scott,* the Ninth Circuit observed:

> While the Supreme Court has upheld the constitutionality of pretrial detention on grounds of dangerousness, the Court stressed that the statute it was upholding contained important safeguards, including the requirement that the defendant be accused of a particularly serious crime and that dangerousness be proved to a neutral judicial officer by clear and convincing evidence. . . . Neither *Salerno* nor any other case authorizes detaining someone in jail while awaiting trial, or the imposition of special bail conditions, based merely on the fact of arrest for a particular crime.

16

> To the contrary, *Salerno* was explicit about what must occur under the Federal Bail Reform Act - beyond arrest - before a pretrial criminal defendant could be detained: "In a full-blown adversary hearing, the government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *Salerno*, 481 U.S. at 750. Thus, the Supreme Court upheld the constitutionality of a bail system where pretrial defendants could be detained only if the need to detain them was demonstrated on an individualized basis. The arrest alone did not establish defendant's dangerousness; it merely triggered the ability to hold a hearing during which such determination might be made. It follows that if a defendant is to be released subject to bail conditions that will help protect the community from the risk of crimes he might commit while on bail, the conditions must be justified by showing that the defendant poses a heightened risk of misbehaving while on bail. The government cannot as it is trying to do in this case, short-circuit the process by claiming that the arrest itself is sufficient to establish that the conditions are required.

*Id.* at 874.

As with *Scott*, the Adam Walsh Amendments strip the Bail Reform Act of constitutionally required procedural safeguards for defendants accused of certain offenses. The requirements of the Due Process Clause have not been met because the conditions to be imposed have been mandated by Congress in every case, denying the defendant an opportunity for a hearing before a neutral judicial officer empowered with the discretion to choose not to impose them where the court concludes that such conditions are not warranted. As the *Crowell* court concluded, after carefully examining the legislative history of the Bail Reform Acts of 1966 and 1984:

> The Adam Walsh Amendments' mandate imposing certain pretrial release conditions, based solely on the nature of the particular crimes charged, directly restricts the judicial discretion Congress sought to enlarge in both the Bail Reform Acts of 1966 and 1984, and which the Supreme Court has recognized as paramount to meet

17

> the requirements of procedural due process in the bail-setting process in federal courts.

*Crowell*, 2006 WL 3541736 at \*9, *citing Salerno*, 481 U.S. at 751.

In short, the Congressional action, mandating conditions of release for a certain class of defendants, is an unjustified deprivation of the defendants' interest in being free from unwarranted and excessive conditions of release as determined by a neutral decisionmaker. "[T]he Amendments, by mandating the imposition of certain pretrial conditions, . . . eliminating an accused's right to an independent judicial determination as to required conditions of release, [is] in violation of the right to procedural due process . . . under the Fifth Amendment." *Crowell*, 2006 WL 3541736 \* 10.

**D.    The Adam Walsh Amendments Mandating Certain Conditions of Pretrial Release In All Cases Violate the Separation of Powers Doctrine.**

By mandating certain pretrial release conditions, the Adam Walsh Amendments also violate the Separation of Powers doctrine.  The United States Constitution purposely divides governing power among three branches of government: the Executive, the Legislative and the Judiciary.  "The doctrine of the separation of powers was adopted [not] to promote efficiency but to preclude the exercise of arbitrary power." *Myers v. United States*, 272 U.S. 52, 85 (1926); *see also* THE FEDERALIST, No. 47, at p. 324 (James Madison) ("The accumulation of all powers legislative, executive and judiciary in the same hand, whether of one, a few or many . . . may justly be pronounced the very definition of tyranny.").  More recently, the Supreme Court reiterated the import of separation of powers doctrine explaining, "within our political scheme, the separation of governmental powers into three coordinate branches is essential to the

preservation of liberty." *Mistretta v. United States*, 488 U.S. 361, 380 (1989).

As the *Crowell* court found:

> Under the Constitution, in cases involving the Judicial Branch, the Supreme Court has guarded the separation of powers doctrine by condemning any enactment that "impermissibly threatens the constitutional integrity of the Judicial Branch." *Commodity Futures Trading Commission v. Schor,* 478 U.S. 833, 851 (1986). It is well-established that the separation of powers doctrine is violated when Congress prescribes a rule of decision for courts to follow without permitting courts to exercise their judicial powers independently, including the consideration of relevant evidence. *United States v. Klein*, 80 U.S. 128, 146-47 (1871).

*Crowell,* 2006 WL 3541736 *11.  The Adam Walsh Amendments violate the Separation of

Powers doctrine.  While Congress has the power to pass legislation addressing conditions of bail,

the Judiciary is ultimately charged with the "fixing of bail," *i.e.*, the determination whether or not

an accused shall be released and under what conditions.  The Eighth Amendment to the

Constitution requires that the Judiciary oversee the imposition of bail on an individualized basis.

*Stack*, 342 U.S. at 4.  Indeed, the *Crowell* court aptly concluded that, "the Adam Walsh

amendments unmistakably and unduly encroach upon the judicial function, exclusively reserved

by Article III of the Constitution to the Judicial Branch, in violation of the separation of powers

established by the Constitution's framework."  2006 WL 3541736 *11.

/ / /

/ / /

/ / /

/ / /

/ / /

19

## IV.    CONCLUSION

Based upon the foregoing, Mr. Torres respectfully urges the Court to find the Adam

Walsh Amendments unconstitutional and, in turn, modify the Release Order to exclude the

electronic monitoring and curfew conditions.

Very truly yours,

HENRY J. BEMPORAD
Federal Public Defender

   /s/

ERIK HANSHEW
Assistant Federal Public Defender
Western District of Texas
Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. EP-08-M-2562-MC** |
| | **)** | |
| **FRANCISCO TORRES** | **)** | |

**ORDER GRANTING DEFENDANT'S MOTION TO AMEND CONDITIONS OF**
**PRETRIAL RELEASE**

On this day, the Court considered the defendant's OPPOSITION TO IMPOSITION OF

MANDATORY CONDITIONS OF PRETRIAL RELEASE PURSUANT TO ADAM WALSH

AMENDMENTS TO THE BAIL REFORM ACT OF 1984 AND MOTION TO AMEND

CONDITIONS OF PRETRIAL RELEASE (hereinafter the "Opposition" and "Motion"

respectively).  The Court, having considered said motion, is of the opinion that said Motion

should be granted .

It is therefore **ORDERED** that the defendant's Motion (Doc. No. ___) is hereby

**GRANTED**.

**SO ORDERED**.

**SIGNED AND ENTERED** this ____ day of _____, 2008.


_____
MICHAEL S. MCDONALD
UNITED STATES MAGISTRATE JUDGE

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

/s/

_____
Erik Hanshew
Attorney for Defendant